UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE COLEMAN, | ) | |
|     Plaintiff, | ) | 08 C 2108 |
| | ) | |
| vs. | ) | Honorable Magistrate Judge |
| | ) | Geraldine Soat Brown |
| TOM DART, SALVADOR A. GODINEZ | ) | |
| THOMAS SNOOKS | ) | |
| | ) | |
|     Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants Thomas J. Dart, Salvador Godinez and Thomas Snooks, by and through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County and his Assistant State's Attorney, Francis J. Catania, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted, because the allegations are pleaded as a general prayer for injunctive relief on behalf of all detainees. As such Plaintiff cannot state a claim since the Duran consent decree controls jail condition issues.

## FACTS

Plaintiff Jesse A. Coleman, #2006-0092250, a *pro se* plaintiff incarcerated at the Cook County Department of Corrections [DOC] since December 11, 2006, has filed a rambling statement in this case complaining generally about jail conditions affecting all pre-trial detainees at the DOC. Though not alleging any particular time or place of occurrence, he alleges that are dirty air vents, dry heat and cool air causing nose bleeds, unwashed co-detainees, overcrowded conditions of three men in a two man cell, negligence in serving food, physical and

1

psychological deterioration due to length of stay in the DOC, and a so-called "partial out" lock down. The statement ends with the word "amen" followed by a prayer for relief requesting an order enjoining 18/6 of detainees, enjoining three men sleeping in cells made for two, payment of damages to others who have endured such conditions, an order requiring the monitoring of jail conditions and damages for cruel and unusual punishment.

## STANDARD OF REVIEW

To allege that a municipal policy has violated an individual's civil rights under § 1981 or § 1983, Plaintiff must to allege that (1) the entity had an express policy that, when enforced, causes a constitutional deprivation; (2) the entity had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir., 2000). A § 1983 claim does not have to meet any heightened pleading standard, but it must set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). Additionally a class action generally binds all members of the class. Because the consent decree is continuing in nature, it binds people who were not direct parties to it. *Duran v. Elrod*, 760 F.2d 756, 760 (7th Cir. 1985).

## ARGUMENT

The plaintiff has made allegations of a hypothetical and general nature. From the caption, it appears that plaintiff seeks to hold the sheriff and two high ranking officials (an Executive director and a Superintendent) liable for a policy or policies. Since there is nothing in the

complaint identifying personal acts or knowledge on the part of any of the named defendants, this is probably what plaintiff intends – a lawsuit against the entity. As such, the naming of the Sheriff is sufficient and the remaining defendants are redundant and they should be dismissed.

The plaintiff cannot sue on behalf of other persons. The language of the Complaint suggests that Plaintiff is bringing the action on behalf of others. However, Plaintiff is not licensed to practice law and therefore may not act as the representative and bring the action on behalf of others. Only persons duly admitted to practice law may appear on behalf of other persons. *National Bank of Austin v. First Wisconsin National Bank of Milwaukee*, 53 Ill. App. 3d 482, 489; 368 N.E.2d 119 ( Ill. App. Ct. 2nd Dist. 1977). Lay people may appear only in their "proper persons" i.e. only in their own behalf. *Id*. Where one not licensed to practice law has instituted legal proceedings on behalf of another, the suit should be dismissed; if the suit has proceeded to judgment, the judgment is void and will be reversed. *Leonard v. Walsh*, 73 Ill. App. 2d 45, 47; 220 N.E.2d 57, 58 (Ill. App. Ct. 4th Dist. 1966). The Seventh Circuit has determined that "[a]bsent the imprimatur of meaningful attorney supervision, any legal advice or other legal service provided by a nonlawyer constitutes the unauthorized practice of law." *U.S. v. Johnson* 327 F.3d 554, 560 (7th Cir. 2003) and *Holly v. Delaney*, 2007 U.S. Dist. LEXIS 74266 (S.D. Ill. Oct. 3, 2007). Therefore Plaintiff cannot sue on behalf of others.

Additionally, the plaintiff is a detainee at the Cook County Department of Corrections [Complaint page 2 ¶ II]. As such he is bound by the class action consent decree in *Dan Duran v. Sheriff Elrod* when raising generalized "conditions of confinement issues." The general rule is that a "judgment or decree among parties to a lawsuit resolves issues as among them, but it does not include the rights of strangers to those proceedings." *Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180, 2184, 104 L. Ed. 2d 835 (1989). There are exceptions to this rule, which include class

3

actions. Id. at 2184 n. 2. Because the *Duran* class action involved the rights of pre-trial detainees and because the consent decree is continuing in nature, it binds people who were not direct parties to it. This court has held by inference that plaintiffs like the plaintiff in *Martin* are bound by the decree. See *Duran v. Elrod*, 760 F.2d 756, 760 (7th Cir. 1985) (noting in enforcement and modification action that "the current crop of pre-trial detainees was not in the jail when the decree was signed. . . ."). The "construction of a consent decree is a matter of contract interpretation. . . ." *Ferrell v. Pierce*, 743 F.2d 454, 461 (7th Cir. 1984). There would be little point in construing the *Duran* decree as binding only those pre-trial detainees who were in custody on the day the decree was signed. Obviously, the group's composition changes every day. The parties could not have intended to so limit the agreement, as evidenced by the provision that "jurisdiction of this cause is hereby specifically retained by the court to enter further orders necessary or appropriate to enforce the terms of this order." *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. Ill. 1990). Although Plaintiff mentions damages in his prayer for relief, he more specifically asks for injunctive relief. This is precisely the type of relief granted in *Duran*. The mention of damages should not detains us in analysis because there is no claim of injury made, therefore this is really a no damages case. The only possible claim of injury is a generalized claim about cruel and unusual punishment and generalized deterioration of body and mind due to length of stay in the DOC.

## **CONCLUSION**

In pleading the way he does, Plaintiff has not stated a claim upon which relief may be granted. Not only is he not permitted to represent the interests of others since he is a non-lawyer, he cannot request injunctive relief for overcrowding and conditions incident to that overcrowding

because he is already a member of a class which has dealt with those very issues. Plaintiff must operate through that consent decree.

WHEREFORE, Defendants Thomas J. Dart, Salvador Godinez and Thomas Snooks respectfully request this Honorable Court to dismiss Plaintiff's Complaint.

>
> Respectfully Submitted
>
> RICHARD A. DEVINE
> State's Attorney of Cook County
>
> By:  /s/ Francis J. Catania ARDC#6203188
> Francis J. Catania, Assistant State's Attorney
> Civil Actions Bureau
> 500 Richard J. Daley Center
> Chicago, Illinois 60602
> (312) 603-6572