UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2108 |
| | ) | |
| vs. | ) | Honorable Magistrate Judge |
| | ) | Geraldine Soat Brown |
| TOM DART, SALVADOR A. GODINEZ THOMAS SNOOKS | ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants Thomas J. Dart, Salvador Godinez and Thomas Snooks, by and through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County and his Assistant State's Attorney, Francis J. Catania, and, pursuant to *Pavey v. Conley*, 528 F.3d 494 (7th Cir. Ind. 2008), move this Honorable Court to dismiss the Plaintiff's Complaint for failure to exhaust administrative remedies.

## FACTS

Plaintiff filed suit April 14, 2008, at which time he was a detainee in the Cook County Department of Corrections, and was housed in the Department's Division 11 [Complaint p.2 ¶ II]. The Cook County Department of Corrections has an administrative grievance procedure available to all detainees. Plaintiff was aware of the Rights of Detainees and the Rules and Regulations of the Cook County Department of Corrections [Affidavit of LaRoy Warren]. Under the Rules and Regulations, Plaintiff was required to file a grievance about the specific issue of partial out lockdown he now sues about and exhaust his administrative remedies prior to filing such a suit. Plaintiff did not file a grievance [Affidavit of LaRoy Warren] regarding the partial-

1

out lockdown. The Defendants contest that plaintiff exhausted his administrative remedies because he never availed himself of those remedies on the subject matter of this law suit.

## STANDARD OF REVIEW

The Prison Litigation Reform Act provides that "no action shall be brought [under federal law] with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *Pavey v. Conley*, 528 F.3d 494, 496 (7th Cir. Ind. 2008). The Supreme Court has held that the failure to satisfy this requirement is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery. *Pavey* at 498 (7th Cir. Ind. 2008).

## ARGUMENT

Plaintiff clearly failed to grieve the issue of partial out lock down [Affidavit of LeRoy Warren]. Plaintiff filed two grievances, showing his awareness of the process. One grievance was regarding food service, the second involved his claim about missing medical documentation. [Affidavit of LeRoy Warren ¶¶ 2 & 3]. He had opportunity to file such a grievance and chose not to do so, having filed no other grievances. [Affidavit of LeRoy Warren ¶4] Having avoided the grievance procedure on this issue of partial out lockdown entirely, plaintiff has attempted to prevent a prompt investigation into the basis for the grievance and prevented the gathering and preservation of evidence. Since the failure to exhaust was the prisoner's fault, the case should be construed over pursuant to P.L.R.A., and should be dismissed.

The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery

2

relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies. *Pavey v. Conley*, 528 F.3d 494, 497-498 (7th Cir. Ind. 2008).

In as much the case may proceed, any discovery with respect to the merits must not be begun until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will be thwarted. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. Ind. 2008).

## CONCLUSION

Plaintiff seeks both injunctive relief and money damages for an alleged but undefined procedure he calls "partial-out lockdown". Plaintiff failed to grieve this procedure prior to filing suit. Since he did not file a grievance within his available administrative remedies at the Cook County Department of Corrections his suit should be dismissed. He has effectively denied the

defendants of the opportunity to rectify a perceived problem through the grievance procedure before involving the federal courts. He has also denied an effective early investigation into the alleged wrongdoing, which unfairly denies the Defendants the witnesses and documents that would have been available for trial.

**WHEREFORE**, Defendants Dart, Godinez and Snooks respectfully ask this Honorable Court to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies available to him.

Respectfully submitted,
RICHARD A. DEVINE
State's Attorney of Cook County

 /s/Francis J. Catania  ARDC#6203188
Francis J. Catania
Assistant State's Attorney
Richard J. Daley Center
50 W. Washington Street Room 500
Chicago, Il 60602
(312) 603-6572

4

State of Illinois    )
                     ) ss.
County of Cook       )

## SWORN DECLARATION

LaRoy Warren, being duly sworn, deposes and says that he is a Supervisor for Department of Program Services at the Cook County Department of Corrections. He has full and official knowledge of each and every detainee grievance which has been submitted by correctional rehabilitation workers (CRWs) as part of the Cook County Sheriff's Official Grievance Procedure. The Grievance Policy has been in force continuously before, during and after December 1, 2006. Acting in his official capacity, for the specific purpose of communicating the official response to detainee grievances, he further deposes and says:

**Jesse Alvin Coleman, prisoner #2006-0092250, has:**

1) Received his detainee Rules and Regulations on December 1, 2006 at intake, as disclosed on his intake record and signed by Jesse Alvin Coleman;
2) Submitted one grievance Control #2008-0467 regarding food service from the Central Kitchen;
3) Submitted one grievance Control #2008-0582 regarding missing medical documentation; and
4) No other grievances from Mr. Coleman have been submitted to him by any CRW to date; Mr. Coleman he has specifically not grieved about conditions of confinement including any overcrowding issues or partial out lockdowns in Division 11 from December 1, 2006 to the present.

In witness whereof under the penalty for perjury, he has hereto set his hand

_____
Supervisor, Program Services CCDOC
(Title)

I, _Ronna M. Farnandis_, a Notary Public of the County and State aforesaid, hereby certify that _LaRoy Warren_ personally known to me to be the affiant in the foregoing affidavit, personally appeared before me this day and having been by me duly sworn deposes and says that the facts set forth in the above affidavit are true and correct.

Witness my hand and official seal this the _29th_ day of _July_, _2008_.

_____
Notary Public

(SEAL)
My Commission expires:

_8 / 5 / 09_

"OFFICIAL SEAL"
RONNA M. FARNANDIS
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 08/05/2009

EXHIBIT
Affidavit of
LaRoy Warren

# COOK COUNTY JAIL HISTORY CARD



| Case Number | Judge | Bail | Charge | Return Court Date | Disposition |
|---|---|---|---|---|---|
| 06 11458101 | 48 | 17500245411 | | | |

Warrants:

10700

| | |
|---|---|
| Number Called | |
| Person Called | |
| Number Called | |
| Person Called | |
| Number Called | |
| Person Called | |

| | |
|---|---|
| Date Entered: | 1 DEC 06 |
| Date Sentenced: | Sentence Without G.T.: |
| Date Released: | Standard G.T.: |
| Tot. Time in CCJ: | Merit G.T.: |
| Sentence: | Authorized By: |
| How Released: | By Judge: |
| Time IN: | Conduct: Fair or Better ☐  Bad ☐  Initial: |
| Time OUT: | |

Signature—Intake Officer

1. I, _____ hereby authorize the Executive Director or his successor, or the authorized agent of such Executive Director, of the Cook County Department of Corrections to which I am assigned, as my true and lawful attorney-in-fact and authorize him to:
   1. Endorse, by stamp, any checks or money orders that may be forwarded to me at said institution; and
   2. Direct that the full amount of such checks or money orders be deposited to my credit in the Inmates' Trust Account of said institution and to deliver me a receipt of same.

I acknowledge and agree that an endorsement pursuant to this power of attorney is for my benefit and that I shall be liable for any loss resulting to the Cook County Department of Corrections, or the Inmates' Trust Account from an altered, forged, or otherwise uncollectible instrument, check or money order deposited on my behalf.

I hereby authorize the Cook County Department of Corrections to open and search all of my incoming mail. I understand if my incoming mail is not searched it will be returned to sender unopened. I have received my Inmate Rules and Regulations.

Signature: _____

Inmate's Signature on Discharge

Signature—Discharge Officer

| FBI# | State # | IR# | ID. #: 00922250 |
|---|---|---|---|

Name: Coleman Jesse